UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN ANTHONY REID,

          Plaintiff,

v.

TOYOTA MOTOR CREDIT CORP., et al.,

          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 18, 2013

12 Civ. 7436 (PAC) (JLC)

**ORDER ADOPTING REPORT**
**AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United State District Judge:

    On October 3, 2012, pro se Plaintiff Kevin Reid ("Reid") brought this case against Toyota Motor Credit Corporation and Toyota Motor Leasing ("Toyota") and Payback Repo ("Payback Repo") (collectively, "Defendants") alleging that Defendants violated his constitutional, civil and statutory rights by repossessing his car. The case was referred to Magistrate Judge Cott on October 15, 2012. On January 7, 2013, Toyota moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted.[1] On April 8, 2013, Magistrate Judge James L. Cott issued a Report & Recommendation ("R&R") that Toyota's motion be granted as to both Toyota and Payback Repo, and called for objections within fourteen days.

    Since plaintiff did not file any objections, the report and recommendation may be adopted, "so long as there is no clear error on the face of the record." Feehan v. Feehan, 09 Civ. 7016, 2011 U.S. Dist. LEXIS 14045, 2011 WL 497776, at *1 (S.D.N.Y Feb. 10, 2011). Upon review, there is no clear error and the Court adopts the R&R in its entirety.

---

[1] On January 15, 2013, the Court held its initial case management conference which raised the possibility of construing Reid's Amended Complaint to allege a violation of the Fair Debt Collection Practices Act ("FDCPA") and 15 U.S.C. §§ 1692-1692p, in addition to the alleged civil rights claims. Toyota filed supplemental papers in support of its motion, addressing Reid's claims under the FDCPA. (ECF No. 18.) With respect to Payback Repo, there is no proof that it was ever served. Even if it had been served and failed to appear or respond to the Amended Complaint, there would be no basis for a default judgment when the Amended Complaint fails to state a claim against it.

1

## BACKGROUND

### A. Facts[2]

The complete factual background is set forth in the R&R. (R&R at 1-3.) Briefly summarized, on January 12, 2011, Reid leased a 2011 Toyota Camry. When Reid became interested in purchasing the Camry, Toyota quoted the payoff amount of $24,868.32. Reid then sent Toyota a check dated April 4, 2012 for that amount. On the back of the check, Reid wrote, "NOT FOR DEPOSIT, EFT ONLY." Reid contends that this statement transformed the check into an "Electronic Funds Transfer" ("EFT") instrument. In any event, when Toyota presented the check, it was returned by the bank because it was drawn on a closed account. After mailing the check, Reid ceased making payments on the lease and informed Toyota that "since you have not returned the . . . EFT[ ] to me . . . you have effectively discharged the associated debt in this matter." According to Reid, he had no further obligation to "respond to Toyota Financial Services." On July 16, 2012, Reid's car was repossessed, and he was subsequently informed by Toyota that his car had been repossessed by Payback Repo.

## DISCUSSION

### A. Standard Under Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Pleadings by pro se complainants "are held to less stringent standards than pleadings drafted by attorneys, and the court must read [such a] complaint liberally and

---

[2] All of the facts have been taken from the R&R unless otherwise indicated. The facts are based on Reid's Amended Complaint, filed November 7, 2012 ("Am. Compl."), and are assumed to be true for the purposes of this motion. (Dkt. No. 10.)

2

interpret it as raising the strongest arguments it suggests." Guerrero v. FJC Sec. Servs. Inc., 2012 U.S. Dist. LEXIS 79553, 2012 WL 2053535, at *2 (S.D.N.Y. June 5, 2012) (citation omitted). However, the pro se litigant must still follow all procedural rules and substantive law. Pahuja v. Am. Univ. of Antigua, 2012 U.S. Dist. LEXIS 179029, 2012 WL 6592116, at *1 (S.D.N.Y. Dec. 18, 2012) (citation omitted).

## B. Civil Rights Claims

This Court finds no clear error with Magistrate Judge Cott's analysis and recommendation that the Court dismiss the Amended Complaint for failure to state claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, for violations of his Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. (R&R at 8-9.)

Section 1983 only protects from constitutional violations attributed to the *State*, not private entities. Ciambriello v. Cnty of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) (quotation omitted). Private entities, such as Toyota and Payback Repo, would only be liable under Section 1983 if they were "willful participant[s] in joint activities with the State or its agents." Id. (citation omitted). Defendants are not state actors, nor has Plaintiff alleged that Defendants acted in cooperation with the State.

Section 1985, which prohibits certain conspiracies to interfere with civil rights, cannot provide a basis for relief. Of Section 1985's three subsections, only the third is arguably relevant. This subsection prohibits conspiracies to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). The plaintiff must allege a conspiracy motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999).

3

Plaintiff alleges no facts suggesting that either Toyota or Payback Repo was motivated by discriminatory animus. Accordingly, Reid has failed to state a claim under Section 1985, and 1986 as well. See Graham v. Henderson, 89 F.3d 75, 72 (2d Cir. 1996) ("[A] valid 1986 claim is contingent on a valid 1985 claim.") Finally, Reid's Section 1988 claim for attorney's fees also fails because the statute is not an independent cause of action, and Plaintiff has not "prevail[ed]" in a federal civil rights case. 42 U.S.C. § 1988(b).

## C. FDCPA

In light of the Plaintiff's pro se status, Magistrate Judge Cott appropriately considered Reid's claim under the Fair Debt Collection Practices Act ("FDCPA"), codified as 15 U.S.C. §§ 1692-1692p, even though the Amended Complaint failed to specifically assert it as a theory of relief. The sections of the FDCPA potentially relevant to Reid's assertions prohibit debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692d, and from using "any false, deceptive, or misleading representation or means," 15 U.S.C. § 1692e, or using "unfair or unconscionable means" to collect any debt, 15 U.S.C. § 1692f.

To state a claim under the FDCPA, the defendant must be a "debt collector." Suquilanda v. Cohen & Slamowitz, LLP, 2011 WL 4344044, at *3 (S.D.N.Y. Sept 8, 2011). This Court agrees with Magistrate Judge Cott's findings that Toyota was not a "debt collector" since Toyota was not in the principal business of debt collection and did not regularly collect debts of others. See 15 U.S.C.A. § 1692a(6). Rather, Toyota was Reid's creditor; Toyota was merely attempting to collect on its own debt when it repossessed his Camry. See 15 U.S.C.A. § 1692a(4). "As a general matter, creditors are

4

not subject to the FDCPA." Maguire v. Citicorp., 147 F.3d 232, 235 (2d Cir. 1998).[3] With respect to Payback Repo, repossession agencies are generally not considered "debt collectors" within the meaning of the FDCPA. Durandisse v. U.S. Auto Task Force, 2009 U.S. Dist. LEXIS 66280, 2009 WL 2337133, at *3 (S.D.N.Y. July 30, 2009). They may however, be found to be debt collectors under 15 U.S.C. 1692(f)(6) "if they engage in repossession without the 'present right' to do so 'via a valid security interest.'" Id. (citation omitted). As noted by Magistrate Judge Cott, the lease between Toyota and Reid gave Toyota a security interest in the Camry in the event that Reid failed to make his lease payments. (R&R at 13.) Magistrate Judge Cott's determination that this security interest became "present" when Reid sent Toyota a check to be drawn on a closed bank account was correct. (Id.)

## D. Other Federal Causes of Action

Reid identified violations of other federal laws, none of which Magistrate Judge Cott found persuasive sources of relief; this Court agrees. (R&R at 14-17.) The authorities Reid cited in support of his additional claims include the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq., the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., Truth in Lending Regulations ("Regulation Z") codified at 12 C.F.R. Pt. 226, as well as several provisions of the law relating to United States currency.

First, the Court concurs with Magistrate Judge Cott's determination that the EFTA does not apply. (R&R at 14.) Reid has not explained how his transcription "NOT FOR DEPOSIT, EFT ONLY" on the back of his check transformed it into an EFT Instrument. See 15 U.S.C.A. § 1693a(7) (defining an EFT as any transfer of funds, *other*

---

[3] While creditors may be subject to the FDCPA if it "uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts," that is not the case here. Id. (citing 15 U.S.C. § 1692a(6)).

5

*than* a transaction originated by check . . . .") (emphasis added). Nor are TILA and Regulation Z implicated as Reid does not allege that Toyota failed to disclose information about his lease terms. Finally, Reid seeks relief based on various United States currency provisions arguing that "[n]otes are considered as [l]egal [t]ender" and the failure to accept them constitutes "fraud and treason against the United States of America." (Reid Aff. at 2-3, Dkt. No. 19.) The Plaintiff's assertions can be construed to raise the argument that Toyota refused to accept Reid's "EFT Instrument" as legal tender. That is not what occurred: Reid provided Toyota with a check drawn on a closed account. It was a void instrument. Nothing in the Amended Complaint suggests that Toyota refused to accept the check because it was an "EFT Instrument."

Magistrate Judge Cott did not clearly err in his recommendations that the Court dismiss Reid's claims under the various civil rights laws, the FDCPA, the EFTA, and the cited provisions pertaining to United States currency, or any other federal law.

### E. State Law Claims

With respect to any potential state law claims, Magistrate Judge Cott concluded that the Court lacked diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and recommended that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367. (R&R at 16-17.) As there is no clear error in either of these determinations, the Court will not reach the merits of the state law claims.

### F. Leave to Replead

Magistrate Judge Cott determined that granting Reid an opportunity to replead would be futile and therefore recommended denying Reid leave to amend. (R&R at 18.)

6

Reid has already had an opportunity to amend his complaint once; upon review of the parties' motions, the Court agrees that granting leave to amend would be futile.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Cott's R&R in its entirety. Defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to enter judgment in favor of the Defendants and close this case.

Dated: New York, New York
       July 18, 2013

SO ORDERED

*Paul A. Crotty* (signature)

PAUL A. CROTTY
United States District Judge

Copies Sent to:

Kevin Anthony Reid
2766 Barnes Ave.
Apt. A9
Bronx, NY 10467